52 CCPA

**Application of Noble ANDRE, Deceased, by Jean D. Andre, Executrix.**

**Patent Appeal No. 7431.**

United States Court of Customs and Patent Appeals.

June 14, 1965.

Boyken, Mohler & Foster, San Francisco, Cal. (Dirks B. Foster, San Francisco, Cal., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (J. F. Nakamura, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

WORLEY, Chief Judge.

This appeal is from the decision of the Board of Appeals affirming the examiner's rejection of claim 6 of Andre application Serial No. 176,501 for a patent on a "Carrier For Cans."[1] Several claims stand allowed.

The application discloses a package of the type commonly referred to as a "six pack," comprising a rectangular, open-ended carrier containing six cans of a beverage or like commodity, arranged in two parallel, three can rows and enclosed at the top, bottom and sides. Figures 1 and 6 adequately show appellant's construction:

The carrier, folds from a flat sheet of cardboard as shown in Fig. 6, includes, in sequence, a top panel section 15, a side panel 13, a bottom panel 11, a second side panel 12, and a second top panel section 14. Extensions 16 and 17 extend

---

1. The application, filed February 26, 1962, is for reissue of Patent No. 2,926,782, granted March 1, 1960.

from the ends of panel sections 14 and 15, respectively. The carrier is secured in the assembled position of Fig. 1 by engagement of T-shaped flaps 23 formed at the fold line between panel 15 and extension 17 with openings resulting from the formation of flaps 22 adjacent the fold line between panel 14 and extension 16. Extensions 16 and 17 are folded downwardly to form a longitudinal flap at the upper ends of the cans, separating the six cans into two rows of three each. Also, three longitudinally spaced flaps 28 are struck from panel 11 and bent upwardly at locations such that each flap extends between the lower ends of adjacent cans from the different rows.

Adjacent their fold lines with adjoining panels, the side panels 12 and 13 are each provided with cuts formed to an arc generally concentric with the ends of cans 2. When the blank is assembled, those cuts provide openings 33 through which the rims, or chimes, 3 of the packaged cans project. That construction permits panels 12 and 13 to engage tightly the bodies of the cans intermediate the ends with the engagement of the chimes of the cans in openings 33 preventing the cans from falling out the ends of the carrier. The height of openings 33 is substantially equal to the thickness of the chimes.

Tabs 35 and 36 are cut from extensions 17 and 16, respectively, adjacent their fold lines. With the blank assembled and the extensions folded downwardly, the tabs overlap the junction between the top panel sections 14 and 15 and overlie the section opposite the one from which they project. The tabs are said to prevent vertical displacement between top panel sections 14 and 15 at the central plane of the carriers. Since the tops of the cans are in engagement with the top panel, any tendency for the cans to shift vertically with respect to each other is thereby overcome. The location of the tabs 35 and 36 may be such that the apertures formed thereby in extensions 17 and 16, respectively, are in position to receive the chimes 3 at the upper ends of the cans.

Tabs 28 have small rectangular tabs 38 cut therefrom and those tabs 38 overlie the surface of the bottom panel 11. Openings 40 which result in vertical tabs 28 from the formation of tabs 38 are positioned to receive the chimes 3 at the lower end of the cans 2.

Although Fig. 1 shows a separate handle 26 secured to the side panels 12 and 13 to permit carrying the package with the section formed by panels 14 and 15 at the top, finger holes 27 are also provided in panel 11 to facilitate lifting the package with that panel as the top.

The appealed claim reads:

6. A package comprising: a pair of horizontal, parallel rows of upright cylindrical cans, said rows being in side by side relation at opposite sides of a vertical plane and said cans having radially outwardly projecting chimes at their upper and lower ends, an elongated cardboard blank folded along spaced, parallel lines extending normal to the length of said blank defining a first end panel intermediate the ends of said blank, a pair of side panels adjoining said first end panel, and a pair of terminal end sections adjoining said side panels; said first end panel extending across and in engagement with one of the corresponding ends of the cans of said rows, said pair of side panels extending over the oppositely outwardly facing sides of said pair of rows, each of said end sections extending over one row of said cans and thereby forming a second end panel substantially in engagement with the ends of said cans that are opposite to the ends engaging said first end panel, separate flap means respectively integral with said end panels extending between said rows and respectively terminating adjacent the ends of the cans of said rows, one of said end panels having handle means thereon, the flap means on said one end panel including means forming openings having edges directed toward and spaced from said one end panel by the thickness of a said chime into which openings the chimes adjacent said one end panel

extend for holding said one end panel against relative movement axially of said cans upon lifting said package by said handle means, and means connecting said end sections and holding said flap means on said second end panel between said rows.

The claim stands rejected on the prior art, the following references being relied on:

Murray 2,765,073 October 2, 1956.
Chidsey 2,779,499 January 29, 1957.

Murray discloses a package for cans, best shown by Figures 1 and 6 below:

The package, which holds six cans 29 in two rows of three, is formed from a cardboard blank. The blank is provided with three spaced cuts at the top and bottom of each of its two side panels 15 and 17 to form openings, designated 22 at the bottom of panel 15, for receiving the beaded ends or chimes of the cans. A separator or dividing sheet 20, extending longitudinally along the panel 19 between the rows of cans, is provided with similar openings for receiving the chimes of adjacent cans in the different rows as appears from Fig. 6. The openings are said to maintain the chimes of the cans "in aligned relationship so that the bottom of the individual cans therein will all be in a continuous and coincident plane."

The pertinent features of Chidsey are seen in his Figure 1:

The figure shows a carrier for two rows of two or more cans each. A full length panel 20, along with partial panels 29 and 24, 25 at their respective ends, serves to separate the two rows of cans.

The examiner considered claim 6 unpatentable over Chidsey in view of Murray on the ground that it requires only such modification of Chidsey as would be obvious from Murray's disclosure. That rejection was sustained by the board. The board further took the position that the claim distinguishes from Murray only in a feature constituting an old expedient in the art.

The dispute here involves only the recitations in the end portion of the claim beginning with the expression:

separate flap means respectively integral with the said panels extending between said rows and respectively terminating adjacent the ends of the cans of said rows.

That portion further refers to one of the end panels as "having handle means thereon," and requires that the flap means on that one end panel include openings directed toward and spaced from the panel by the thickness of a chime and into which openings the chimes adjacent thereto extend "for holding said one end panel against relative movement axially of said cans upon lifting said package by said handle means." There is no requirement that the flap means on the other end panel opposite the "handle means" have openings for the chimes.

The board stated that Chidsey's flaps 24 and 25, integral with the bottom panel, and 20 and 29, integral with the bottom panel, met the recitation of separate flap means respectively integral with the panels. It also regarded all those flaps as terminating adjacent the ends of the cans, noting that flap 29 terminates adjacent to the bottom ends while flaps 20, 24 and 25 terminate adjacent the top ends. The board concluded that the claim distinguishes from Chidsey only in the requirement for means forming openings in the upper flaps, which openings interlock with the chimes of the cans. Further observing that Murray, as shown in Fig. 6, discloses a flap 20 having apertures therein for receiving the chimes of adjacent cans to provide an interlock preventing the cans from shifting relative to each other, the board held:

The mere use of this feature in Chidsey for the disclosed purpose in Murray is all that the claim in fact calls for, and providing such interlock with either the top or bottom flanges would be obvious for this disclosed purpose.

The board further took the position that, if the claim is regarded as requiring that the flap 20 of Chidsey terminate when the flap 29 terminates so as not to form a connection between the bottom and top panels, the use of the Murray interlock for the purpose of preventing relative shifting of the container top and can tops "is made as obvious by Murray as appellant's present specification makes it obvious that such function will be performed." In that connection it is noted that neither appellant's specification nor that of Murray expressly states that the interlock is such as to prevent withdrawal of the flaps from between the chimes under the weight of the package when it is lifted by its top panel, the feature appellant emphasizes in his arguments. The board further stated:

Lastly, we point out that claim 6 distinguishes over Murray only by requiring a separating flap between the cans at the ends thereof opposite the flap 20 shown in Figure 6. The present claim is so broad in the recitation of handle means as to read upon merely inserting fingers underneath the top flap of Murray, which ends of the top flap would thus be handle means. As we have observed, whether the flap interlock as shown in Figure 6 is at the top or bottom appears to be an accident of orientation, so that Murray has an interlock between the top panel and the can chimes when it is so oriented, and disclosed in the same way as the interlock of the instant case is disclosed.

We are satisfied that the board did not err in sustaining rejection of the appealed

claim. In particular, we think it apparent that a person handling the Murray package is likely to lift it by merely inserting his fingers under whichever of the end panels 10 or 19, 25 happens to be at the top. In fact, the Murray patent specifically discloses that its package is originally formed about the cans with the cans resting on the panel 10 as the bottom and the members 19 and 25 are closed about the cans at the top. We therefore think that the apertures in the flap 20 of Murray would be designed to provide their interlocking function irrespective of which end panel happens to be on top, and that it would be obvious to provide apertures similar to those of Murray in either the top or bottom dividing flaps of Chidsey.

Appellant urges that extension of the panel 20 of Chidsey over the full depth of the carrier prevents the Chidsey structure from meeting the recitation of "separate" flap means on the panels and the recitation of those flap means as "respectively terminating adjacent the ends of" the cans. Even if the claim were to be so interpreted, we think it would be obvious to provide apertures as suggested by Murray as a substitute for the upper or interconnecting part of panel 20. As noted by appellant in his brief, that panel functions to prevent separation of the top and bottom panels from the cans, and we think a person of ordinary skill in the art would find Murray's interlocking structure a logical substitute for accomplishing that purpose.

Appellant also argues that the chimes would not extend into openings provided in the upper flap of Chidsey because the can compartments on each side of the flaps must be at least as wide as the outside dimension of the chimes so that the cans can be inserted through the open ends of the compartments. However, it would certainly be obvious to make the compartments of Chidsey of appropriate width if it were desired to provide openings for the chimes in its upper flap. Moreover, Murray would clearly suggest that the cans be inserted before the upper flap members are secured together if

inserting the cans in a compartment of effective width were found to be a problem.

We additionally agree with the board that the claim is unpatentable over Murray since it would be obvious to provide another separating flange similar to flange 30 on the upper panel of Murray, and to use that panel as "handle means."

Affirmed.